UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME B. YORK,

      Plaintiff,

vs.
                                        Case No.12-cv-14906
                                        HON. GERSHWIN A. DRAIN

HUNTINGTON NATIONAL BANK,

      Defendant.

_____/

OPINION AND ORDER DENYING
DEFENDANT'S MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT AS TO
COUNT II OF THE PLAINTIFF'S COMPLAINT [#4]

I.  INTRODUCTION

The instant action was removed by Defendant Huntington National Bank to this Court pursuant to 28 U.S.C. §1332. The Defendant has also filed a Motion to Dismiss and/or for Summary Judgment as to Count II, which alleges Conversion. The primary issue this Court must decide is whether Plaintiff York can maintain an action of common law conversion.

II.  FACTUAL BACKGROUND

Plaintiff was one of two intended, joint payees on an insurance check in the amount of $37,087.43, written by Auto Club Insurance Association Member Select Insurance

Company ("AAA") and submitted to Defendant Bank for negotiation.[1] *See* Pl.'s Resp. to Mot. to Dismiss, Ex. 1; Def.'s Answer, pg. 2, ¶ 6. Defendant Bank admits that Plaintiff did not endorse the check that was deposited and endorsed by the other joint, intended payee, Northfield Condominium Association ("NCA"). Def.'s Answer, pg. 2 ¶ 6. The check was deposited into NCA's account with Defendant Bank. Plaintiff argues that Defendant Bank wrongfully honored the check without his signature. Therefore, converting the check and the proceeds.

## III. ANALYSIS

### A. Standard of Review

Federal Rule of Civil Procedure 56(a) empowers the court to render summary judgment " if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *see also Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether

---

[1] Michigan Uniform Commercial Code ("MUCC") § 440.7501 defines "negotiation" as follows:
(1) A negotiable document of title running to the order of a named person is negotiated by his indorsement and delivery.

the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Distribs. Benefits Ass'n v. Northfield Ins. Co.,* 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Redding*, 241 F.3d at 532 (6th Cir. 2001). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *see also National Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968); *see also McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. *McLean*, 224 F.3d at 800 (citing *Anderson*, 477 U.S. at 252).

Furthermore, Federal Rule of Civil Procedure12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short

and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id.* at 679.

B. Motion for Summary Judgment as to Count II Alleging Conversion

The Plaintiff begins his brief by making a novel argument regarding the Defendant's position that the statutory trebling remedy should be dismissed for failure to state a claim. Plaintiff contends that if the basis of the Defendant's premise that a claim for statutory trebling has not been made, then it can't also remove the case to this Court. The Defendant also addresses this issue in its reply brief. The Plaintiff and Defendant address an irrelevant issue with diversity jurisdiction that has no basis because diversity is proper pursuant to 28 U.S.C. § 1332. Therefore, the Court will not address the issue of diversity because it is irrelevant.

Unlike statutory conversion, which requires "actual knowledge" that property was stolen, embezzled, or converted, common law conversion under Michigan law is defined by "any distinct act of domain wrongfully exerted over another's personal property in denial of or inconsistent with the rights therein." *Murray Hill Publ'ns, Inc. v. ABC Commc'ns, Inc.*, 264 F.3d 622, 636-37 (6th Cir. 2001) (citation omitted). The UCC recognizes that the common law of conversion applies to negotiable instruments. *See* Mich. Comp. Laws § 440.3420(1). "While a check may be the subject of a suit for conversion, checks are considered property of the designated payee." *Echelon Homes, LLC v. Carter Lumber Co.*, 261 Mich. Ct. App. 424, 437 ( 2004) (holding that plaintiff did not have standing to bring a conversion claim against the defendant based on conversion of a check because the check was not payable to the plaintiff), rev 'd on other grounds at 472 Mich. 192 ( 2005).

Here, the Defendant Bank first argues that Plaintiff cannot maintain an action for common law conversion because Plaintiff has failed to demonstrate that he has a claim to the insurance proceeds. Defendant fails to address the fact that Plaintiff need only

demonstrate that he has a property interest in the alleged converted check to maintain an action of conversion. *See Echeclon Homes*, 261 Mich. Ct. App. at 437. The Plaintiff was a joint, intended payee on the alleged converted check at issue. Thus, Plaintiff has a property interest in the check that allows him to maintain an action of conversion of the check.

Futhermore, Defendant Bank contends that Plaintiff "Cannot Maintain a Conversion Action for Non-Specific Money that has Not Been Entrusted in [Defendant bank's] Care Specifically Earmarked for its Return." Def.'s Mot. to Dismiss, pg. 12, ¶ B. Defendant erroneously recites and relies on a litany of cases that discuss various legal theories, that as Plaintiff stated in its response, "have <u>nothing</u> to do with the case at issue here." Pl.'s Resp. To Def.'s Mot. to Dismiss, pg. 17, ¶ III (emphasis in original). For example, Defendant contends that "funds may be deposited into a bank as a special or general deposit." *Id.* However, the issue here is not whether the funds deposited from the alleged converted check were classified as special or general. The issue is if the Defendant Bank, by honoring a check made out to two joint, intended payees and endorsed by only one, resulted in the Defendant Bank converting the check.

The Defendant goes on to discuss " an action for the *conversion of bank account funds*... can be maintained only if there was an obligation on the defendant's part to return or deliver the specific money entrusted to it." *Id.* (emphasis added) (citing *Check Reporting Services, Inc.* v. *Michigan Nat'l Bank-Lansing*, 191 Mich. Ct. App. 614, 626 (1991), (which held that because of the right of set-off, Defendant bank did not convert funds from the Plaintiff's draft account because it had a legal right to the funds.) Defendant is providing support for arguments that refer to the conversion of bank account funds and the

classification of the funds once deposited. Whereas, again, the relevant issue here is the conversion of a check by the Defendant of an improperly endorsed check.

Moreover, Plaintiff argues, and the Court agrees, that the law applicable to the instant action's fact scenario is *Pamar Enterprises, Inc.* v. *Huntington Banks of Michigan*, 228 Mich. Ct. App. 727 (1988). In *Pamar*, the facts surrounding the honoring of the check are strikingly similar to the facts in the instant action. The Plaintiff was an intended payee named on a joint check made out to him and another party. The check was not endorsed by both parties and subsequently was honored by the depository bank. The Michigan Court of Appeals held that a "bank may be liable for conversion if it makes or obtains payment on a check that is payable to two payees, not alternatively, but endorsed by only one of the payees." *Pamar*, 228 Mich. App. at 734.

In the present case, analogous to the Plaintiff in *Pamar*, Plaintiff was a joint, intended payee of a check that was presented to the bank for negotiation without his necessary endorsement. The Defendant Bank argues in its reply that it has not been alleged that it "knew the check was stolen, embezzled, or converted." However, like the bank in *Pamar*, Defendant's knowledge of the status of the check was not at issue, the relevant issue is if the bank honored a check made out to two payees with only one signature. Based on the elements of common law conversion in Michigan, Defendant has not presented any evidence to support its argument that there are no genuine issues of material fact that exist regarding the Defendant Bank's alleged common law conversion of Plaintiff's check.

## IV.  CONCLUSION

Accordingly, the Defendant has failed to persuade the Court that the relief sought

should be granted. Therefore, Defendant's Motion to Dismiss and/or for Summary Judgment as to Count II alleging Conversion is DENIED.

    SO ORDERED.

Dated: January 15, 2013                      /s/Gershwin A Drain
                                                      GERSHWIN A. DRAIN
                                                      United States District Court Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME B. YORK, III.,

        Plaintiff,

vs.

Case No.12-cv-14906
HON. GERSHWIN A. DRAIN

HUNTINGTON NATIONAL BANK,

        Defendant.

_____/

## JUDGMENT

It is ordered and adjudged that pursuant to this Court's Opinion and Order dated _____, judgment is hereby entered in favor of plaintiff and against defendant.

Dated at Detroit, Michigan this _____ day of _____, 2012.

        DAVID J. WEAVER
        CLERK OF THE COURT

        BY: _____

APPROVED:

_____
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE